IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REGINALD G. BAKER, | ) | 4:14CV3103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEIGH ANN RETELSDORF, TOM RILEY, BRENDA LEUCK, and RYAN LINDBERG, | ) | |
| | ) | |
| Defendants. | ) | |

The court has given Plaintiff Reginald Baker ("Plaintiff") leave to proceed in forma pauperis in this matter. (Filing No. 19.) The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He was incarcerated at the Diagnostic and Evaluation Center when he filed this action. He named four Douglas County, Nebraska, officials as defendants: Leigh Ann Retelsdorf (district court judge), Tom Riley (public defender), Brenda Leuck (assistant public defender), and Ryan Lindberg (assistant county attorney). (Filing No. 1 at CM/ECF pp. 1-2.)

Plaintiff alleged Leuck was his court-appointed attorney in state criminal proceedings. Leuck allegedly failed to file motions, coerced Plaintiff, made threats, and "screamed" at Plaintiff. (*Id.* at CM/ECF pp. 4-5.) Plaintiff alleged Retelsdorf, Riley, and Lindberg were aware that Leuck was providing ineffective assistance of counsel. (*Id.* at CM/ECF p. 5.) For relief, Plaintiff seeks $75,000. (*Id.* at CM/ECF p. 6.) He also asks that the court "review [his] case." (*Id.*)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](#) and [1915A](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#); [28 U.S.C. § 1915A(b)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#)*, 550 U.S. 544, 569-70 (2007); *see also [Ashcroft v. Iqbal](#)*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *[Topchian v. JPMorgan Chase Bank, N.A.](#)*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *[Hopkins v. Saunders](#)*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *[Topchian, 760 F.3d at 849](#)* (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under [42 U.S.C. § 1983](#), a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

The crux of Plaintiff's argument is that he is entitled to money damages because his court-appointed attorney was ineffective in her representation of him. Plaintiff generally alleged Leuck failed to file motions, coerced him, made threats, and "screamed" at him.

Title 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322, n. 13.

Based on the foregoing, the court will dismiss Plaintiff's claims for monetary relief against Leuck. The court will also dismiss Plaintiff's claims against Retelsdorf, Riley, and Lindberg. Plaintiff alleges only that they were *aware* of Leuck's alleged ineffective assistance. Such claims to not rise to the level of a constitutional violation.

To the extent, Plaintiff seeks to challenge the validity of his current confinement, such claims may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a

3

plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

Thus, to the extent Plaintiff's claims amount to a claim for ineffective assistance of counsel and implicate the validity of his confinement of conviction, the court cannot address such claims in an action brought pursuant to 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. The court will enter a separate judgment in accordance with this order.

DATED this 20th day of April, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.