IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| REGINALD G. BAKER, | ) | 4:14CV3103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEIGH ANN RETELSDORF, TOM RILEY, BRENDA LEUCK, and RYAN LINDBERG, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Reginald Baker's "Motion for Reconsideration of Judgement and Motion to Amend Complaint," which the court liberally construes as a motion for relief from judgment brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Filing No. 32). Baker seeks reconsideration of the court's order and judgment dismissing this case on April 20, 2015. Baker argues the court should reopen this matter and give him an opportunity to file an amended complaint because he is proceeding *pro se* and he lacks "legal knowledge."

Baker alleged in his Complaint that his court-appointed attorney, Defendant Brenda Leuck, failed to effectively represent his interests during state criminal proceedings. (Filing No. 1 at CM/ECF pp. 1-2.) He alleged a state district court judge, public defender, and assistant county attorney—Defendants Leigh Ann Retelsdorf, Tom Riley, and Ryan Lindberg—were aware Leuck was providing ineffective assistance of counsel. (*Id.* at CM/ECF p. 5.) For relief, Baker sought $75,000 in monetary damages and for the court to "review" his state criminal case. (*Id.* at CM/ECF p. 6.)

On April 20, 2015, the court dismissed Baker's claims against Leuck because, as his public defender, she was not a state actor subject to suit under 42 U.S.C. § 1983.

The court also dismissed Baker's claims against Retelsdorf, Riley, and Lindberg because Baker alleged only that they were *aware* of Leuck's alleged ineffective assistance, which was not a constitutional violation. Finally, the court held that, to the extent Baker sought to challenge the validity of his current confinement or conviction, he could not do so in a civil action brought pursuant to section 1983. (*See* Filing No. 30 at CM/ECF pp. 3-4.)

Baker asserts the court should have provided him an opportunity to file an amended complaint. The court need not provide a plaintiff with an opportunity to amend if it is patently obvious that amendment would be futile. *See Williams v. Dep't of Corr.*, 208 F.3d 681, 682 (8th Cir. 2000). Here, the court suspects giving Baker leave to file an amended complaint would be futile. However, out of an abundance of caution, the court will give him 30 days in which to file a proposed amended complaint. The court will reopen this case pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure if, upon review of the proposed amended complaint, the court concludes that summary dismissal is not appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

IT IS THEREFORE ordered:

1. Baker will have 30 days in which to file a proposed amended complaint that states a plausible claim for relief. The court will reopen this case if, upon review of the amended complaint, the court concludes that summary dismissal is not appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

2. The clerk of the court is directed to send to plaintiff a blank civil complaint form.

3. Baker's Motion for Reconsideration (Filing No. 32) will remain pending. If Baker does not file an amended complaint within 30 days, the motion will be denied without further notice.

4. The clerk of the court is directed to set the following pro se case management deadline in this case: August 3, 2015: check for proposed amended complaint.

DATED this 2nd day of July, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.